IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOMINIC DYLON, formerly known as Otis R. Dyer, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-134-M-BN |
| BANK OF AMERICA, N.A., | § § § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation on Bank of America N.A.'s ("BOA") Motion to Dismiss Plaintiff's Complaint [Dkt. No. 10].

## Background

In November of 1992, Plaintiff Dominic Dylon and Kenneth L. Long purchased real property in Dallas County, Texas (the "Property"). To finance the purchase, Dylon signed a promissory note (the "Note"), which was secured by a deed of trust pledging his interest in the Property as security (the "Deed of Trust").

The Note and Deed of Trust (collectively, the "Loan") have changed hands multiple times. BOA presently holds and services the Loan.

1

Dylon began to have financial difficulties during the term of the Loan and entered into debt restructuring negotiations with BOA.

BOA representative Sheller Woods offered Dylon a loan modification at the beginning of September of 2016.

Some time thereafter, Woods informed Dylon that BOA would take no action to foreclose on the Property during the loan modification process so long as Dylon timely submitted his loan modification application and any requested documents. Dylon did as requested.

Woods sent Dylon a letter dated November 1, 2016 reminding Dylon to use a particular website to keep track of his loan modification.

BOA foreclosed on the Property that same day and sold the Property to itself.

Dylon contends that BOA violated the Texas Property Code by so doing. But he does not cite to any specific provisions that BOA's actions may have violated and does not appear to bring a claim on this basis. *Cf. Jones v. Select Portfolio Servicing, Inc.*, No. 3:16-cv-2331-K-BN, 2016 WL 6581279, at *6-*7 (N.D. Tex. Oct. 12, 2016) (considering a stand alone claim for a 12 C.F.R. § 1024.41 violation for the defendant's alleged failure to promptly consider the plaintiff's loan modification request, where the "[p]laintiff allege[d] that [the] [d]efendants violated [Section 1024.41]" and "d[id] not merely mention these violations as proof that [the] [d]efendants" breached the contract or violated "some other ... cause of action").

Dylon commenced this lawsuit on December 14, 2016 by filing his Original Petition, Application for Injunctive Relief, and Request for Disclosures in the 160th District Court of Dallas County (the "State Court Petition").

Dylon brings claims for breach of contract, common law fraud, and promissory estoppel. He also seeks a temporary restraining order that stops BOA from foreclosing on the Property.

BOA removed the case to this Court on January 13, 2017 based on diversity jurisdiction. It contends that complete diversity exists because the amount in controversy exceeds $75,000, and "Plaintiff is a citizen of Texas, and Bank of America, N.A. is a citizen of North Carolina." Dkt. No. 1 at 2.

BOA also filed its Motion to Dismiss Plaintiff's Complaint [Dkt. No. 10], to which Dylon filed a response, *see* Dkt. No. 19, and BOA filed a reply, *see* Dkt. No. 20.

The Court entered a Notice of Deficiency and Order shortly thereafter because it could not "act on its independent duty to confirm that subject matter jurisdiction exists based solely on the information provided" in BOA's Notice of Removal. Dkt. No. 21 at 2 (citing *H&D Tire & Auto-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000)). The Court is required to act on this duty before ruling on dispositive motions. As the United States Court of Appeals for the Fifth Circuit has explained, "[t]o rule on a merits question before, or in addition to, answering the omnipresent jurisdictional question would contravene the well-established principle that the federal courts may not issue advisory opinions." *U.S. v. Texas Tech University*, 171 F.3d 279, 286 (5th Cir. 1999) (citing *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211, 222-23 (5th

Cir. 1998) (en banc); *accord Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884) ("The requirement that jurisdiction be established as a threshold matter ... is 'inflexible and without exception.'")).

For the reasons explained below, the undersigned concludes that the Court has subject matter jurisdiction over this action, that Dylon's claims should be dismissed without prejudice, and that Dylon's request for injunctive relief should be denied without prejudice.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombley*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombley* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am. Corp.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents construing the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of

an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion – although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties." *Turnage v. McConnell Techns., Inc.*, ___ F. App'x ___, No. 16-60291, 2016 WL 7209719, at *2 (5th Cir. Dec. 12, 2016). The United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Id.* (internal quotation marks and citations omitted).

## Analysis

I. <u>The Court has subject matter jurisdiction over this action.</u>

BOA has expressed skepticism about the Court's authority to challenge or inquire as to the facts and legal theories on which it relies to establish subject matter

jurisdiction. *See* Dkt. No. 22 at 6. The undersigned will address that authority as a preliminary matter.

BOA contends that the Court, by questioning – on its own motion – the facts and theories supporting subject matter jurisdiction, improperly "open[ed] the door for [Dylon] to newly allege that [BOA] is somehow not the true party in controversy in response to [BOA]'s instant filing." *Id*. BOA contends that, "[w]hile the Court may take as true the allegations in the complaint, it cannot assume facts not alleged." *Id*. (citing *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995)).

This does not correctly state the law. BOA is correct that the Fifth Circuit in *Robertson* stated that the Court must "take as true the allegations in the complaint" and that it "cannot assume facts not alleged." 70 F.3d at 23. But the Fifth Circuit only did so in the context of reviewing the causes of action at issue on the merits on a Rule 12(b)(6) motion to dismiss. *Robertson* does not stand for the proposition that the Court can only question the removing party's basis for subject matter jurisdiction when one of the parties has sought to do so.

"It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. Jurisdictional issues are for the court ... to decide, whether they hinge on legal or factual determinations.'" *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE § 1350 (1969)). The Fifth Circuit has repeatedly explained that courts "have a duty to raise

the issue of subject matter jurisdiction sua sponte." *H&D Tire*, 227 F.3d at 328 (citing *Christoff v. Bergerson Indus., Inc.*, 748 F.2d 297, 298 (5th Cir. 1984)). The Court has an "independent duty to confirm that subject matter jurisdiction exists" and is required to raise any possible issue with or uncertainty as to subject matter jurisdiction on its own accord. Dkt. No. 21 at 2 (citing *H&D Tire*, 227 F.3d at 328).

The Court must do so even where neither party has "contested the allegations in the removal notice nor moved for remand[.] [I]t is settled law that subject-matter jurisdiction cannot be waived or 'conferred by consent, agreement, or other conduct of the parties.'" *Smith v. Bank of Am. Corp.*, 605 F. App'x. 311, 315 n.4 (5th Cir. March 20, 2015) (quoting *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007) (internal quotation marks omitted)); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014) (noting that the alleged amount-in-controversy should be accepted if not contested either by the parties or "by the courts").

The Court must therefore act on its independent duty to determine whether subject matter jurisdiction exists in this case.

BOA contends that subject matter jurisdiction exists solely based on diversity jurisdiction. *See* Dkt. No. 1 at 2.

Federal courts have subject matter jurisdiction based on diversity where the matter in controversy exceeds $75,000 and the parties are completely diverse. 28 U.S.C. § 1332. The parties are not diverse "if one of the plaintiffs shares the same citizenship as one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853,

857 (5th Cir. 2003). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), among other cases). "Any "ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

This action satisfies the amount-in-controversy requirement. Dylon alleges that BOA does not have the right to foreclose on the Property. The Property's estimated value is about $149,070.00. *See* Dkt. No. 1 at 3. And, "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).

But it is not immediately apparent from BOA's removal papers whether BOA has established that complete diversity exists between the parties. In its Notice of Removal, BOA contends that complete diversity exists because "Plaintiff is a citizen of Texas, and [Defendant] is a citizen of North Carolina." Dkt. No. 1 at 2. BOA then explains that it determined its citizenship "solely by the location of its main office, as designed in its articles of association," because it is a national banking association. *Id.*

For purposes of diversity jurisdiction, a national bank association is a citizen of "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

But it is not clear that BOA's citizenship should be used to determine whether the parties are completely diverse. The United States Supreme Court has explained that "court[s] must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (citing *McNutt v. Bland*, 43 U.S. 9, 15 (1844); 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. AND PROC. § 1556 (1971)). And at no point in its Notice of Removal does BOA contend that it is the real party to this controversy whose citizenship should be used to determine citizenship.

This omission is notable in light of (1) the potential that a national banking association can be a nominal party that is part of an action only because it holds and manages property as a trustee for a trust, *see, e.g.*, *Wells Fargo Bank N.A. v. Transcontinental Realty Investors,* Inc., No. 3:14-cv-3565-BN, 2016 WL 3570648, at *1 (N.D. Tex. July 1, 2016); *Argo Global Special Situations Fund v. Wells Fargo Bank, N.A.*, 810 F. Supp. 2d 906, 909-15 (D. Minn. 2011), and (2) the difficulty that a plaintiff may have in determining whether it is suing a national banking association as the real party in interest or only as a nominal party in place of a trust that is the real party in interest, *see* Dkt. No. 21 at 6 (BOA arguing that it would be an "unreasonable burden" to require it to state whether it is the trustee for a trust or not).

Accordingly, the undersigned entered a Notice of Deficiency and Order asking BOA, as the removing party, to explain why subject matter jurisdiction exists based on diversity. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("Once

a case has been removed, the removing party bears the burden of proving that the court has jurisdiction to hear the claim.").

The undersigned explained that BOA could show that complete diversity exists based on its own diverse citizenship either where it is the real party in controversy, *Navarro*, 446 U.S. at 461 (citing *McNutt*, 43 U.S. at 14); *Jones*, 2016 WL 6581279, at *4, or a trustee for a traditional trust, *Hometown 2006-1 1925 Valley View, LLC v. Prime Income Asset Management, LLC*, 847 F.3d 302, 306-07 (5th Cir. 2017) (citing *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016)). The undersigned added that BOA could alternatively could show that it is an agent for the real party in interest who is not a citizen of the same state as Dylon. *See Guillen v. Countrywide Home Loans, Inc.*, No. 7103908, 2016 WL 7103908, at *8 (S.D. Tex. Dec. 6, 2016) (citing *Americold*, 136 S. Ct. at 1012).

BOA responded that it "was not required to explicitly state that it is the true party in controversy." Dkt. No. 22 at 3. Instead, BOA suggested that the Court must presume that BOA is the real party in controversy because "there is no trust or trustee/trust relationship apparent from the case caption or the allegations of the complaint." *Id.* at 6. This response appears to be based on BOA's belief that "[t]he *Americold* opinion ***does not hold*** that any time a national bank such as [BOA] is named as a defendant, the bank must expressly state that it is not serving as a trustee for a trust," *id.* at 5-6 (emphasis in original), and its mistaken belief that the undersigned relies on *Americold* "for the proposition that [BOA] must further establish

that is the real party in interest," *id.* at 4; *see* Dkt. No. 21 at 2 (citing *Navarro*, 446 U.S. at 464-66; *Jones*, 2016 WL 6581279, at *4, for the proposition that "BOA's citizenship is only used to determine subject matter jurisdiction where ... BOA is the real party in controversy," not *Americold*).

But the Supreme Court has long held that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy." *Navarro*, 446 U.S. at 461 (citing *McNutt*, 43 U.S. at 14; 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. AND PROC. § 1556 (1971)). And, as discussed more thoroughly above, the Supreme Court has also held that, "[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The Court's decision in *Americold* does not take away from either principle. *See Justice v. Wells Fargo Bank N.A.*, __ F A'ppx. __, No. 15-20615, 2016 WL 7240195, at *2 (5th Cir. Dec. 14, 2016) (finding, in a case decided after *Americold*, Wells Fargo to be the real party in interest because it "wields the very sort of 'real and substantial' control over assets held in its name that was long ago contemplated by the Supreme Court in *Navarro*"); *Passmore v. Baylor Health Care System*, 823 F.3d 292, 295 (5th Cir. 2016) (citation and quotation omitted) (noting, in a case decided after *Americold*,

that "[f]ederal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte, even on appeal").

The Court should nevertheless conclude that BOA is the real party in interest in this action.

First, despite its belief that it does not have to do so, BOA appears to contend that it does not hold or manage the Note or Deed of Trust as a trustee or otherwise as an agent for another party. *See* Dkt. No. 22 at 5 (asserting that its "status as beneficiary of the Deed of Trust, in its own capacity and not as trustee for any trust, is evident from the pleadings and the chain of title"). The would suggest that BOA's interest in the Property is entirely its own.

Second, regardless whether it is a trustee for a trust or not, BOA has the powers that would typically make a party the real party in interest. In *Navarro*, the Supreme Court determined individual trustees to be the real parties in interest because they had legal title, managed the assets, and controlled the litigation. *See* 446 U.S. at 465. The same can be said for BOA in this case. As BOA notes, BOA holds the Deed of Trust, is the "beneficiary of the Deed of Trust," and has exercised the power to dispose of the Property under the Deed of Trust. *See* Dkt. No. 22 at 3. BOA also appears to control the litigation.

These powers are sufficient because they are also implicated by the action. *See Navarro*, 446 U.S. at 464 (finding trustees with the power to hold, manage, and dispose of the promissory note in question in a suit that "s[ought] damages for breach of an

obligation running to the holder of [the] promissory note"). Dylon's primary allegation appears to be that he is entitled to relief because "BOA wrongfully conducted a foreclosure sale of his Property." *See* Dkt. No. 1-1 at 10. And the power to foreclose the Property belongs to BOA. *See Americold*, 136 S. Ct. at 1015-16 (analyzing the citizenship of a trust in a suit for damages caused in a warehouse the trust held and managed).

BOA's citizenship should therefore be used to determine if the parties are completely diverse. As a national banking association, BOA's citizenship is determined solely by the location of its main office, as designated in its articles of association. *Wachovia Bank*, 546 U.S. at 318. BOA alleges that it is a North Carolina citizen because its main office is located there, as designated in its articles of associations. It also alleges that Dylon is a citizen of Texas.

The parties are therefore completely diverse, and the Court should conclude that it has subject matter jurisdiction over the action.

II.    The Court should dismiss Dylon's claims without prejudice.

In its Motion to Dismiss Plaintiff's Complaint, BOA asserts that Dylon's State Court Petition fails to state any cognizable claim for relief as a matter of law.

Dylon alleges that BOA "wrongfully conducted a foreclosure sale of his Property to themselves" on November 1, 2016 "in violation of the agreements between the parties and without proper notice as required by the Texas Property Code." Dkt. No. 1, Ex. A at 9. He brings breach of contract, common law fraud, and promissory estoppel claims largely based on this allegation.

15

The undersigned concludes that Dylon's claims should be dismissed without prejudice.

A.  The Court should dismiss Dylon's claim for breach of contract without <u>prejudice.</u>

Dylon argues that BOA "wrongfully conducted a foreclosure sale of his Property on November 1, 2016 in violation of the agreements between the parties." *Id*. But he does not identify what specific agreements have been violated. The only written contracts between the parties that Dylon references in his State Court Petition are the Note and the Deed of Trust.

Dylon fails to state a claim to the extent that his breach of contract claim is based on either of these agreements. As BOA notes, Dylon "does not allege what provision of the Note and/or Deed of Trust ... was breached or how [BOA] allegedly breached [either] contract." Dkt. No. 10 at 8; *see Duran v. Bar-S Foods Co.*, No. H-15-788, 2015 WL 3466231, at *3 (S.D. Tex. June 1, 2015) ("Plaintiff must clarify in his amended complaint the precise contract on which he sues, when it was made, who the signatures were, what provisions or terms were breached, and when the breach occurred"). And a claim only meets the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Iqbal*, 556 U.S. at 678.

And Dylon has failed to state a claim for breach of contract to the extent this claim is based on an oral agreement. Dylon contends that Woods agreed to an oral contract, on BOA's behalf, when Woods told him that BOA "would take no action to

foreclose on his Property while in loan modification status so long as Plaintiff submitted his loan modification application ... as well as all requested documentation in a timely manner." Dkt. No. 1, Ex. A at 8 & Dkt. No. 19 at 4. BOA counters that this alleged oral agreement is unenforceable under the statute of frauds.

The undersigned agrees with BOA. The statute of frauds provides that, to be enforceable, "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value" must be "in writing and signed by the parties." TEX. BUS. & COM. CODE § 26.02. "'When a modification relates to a matter that must be in writing, the modification must also be in writing.'" *O'Reilly v. BAC Home Loans, N.A.*, No. 4:12-cv-347-Y, 2012 WL 12893103, at *2 (N.D. Tex. Aug. 21, 2012) (quoting *Ellis v. PNC Bank, N.A.*, No. 4:11-cv-3990, 2012 WL 2958266, at *3 (S.D. Tex. July 19, 2012)).

Here, the alleged oral contract seeks to modify the parties' loan agreement and is therefore subject to the statute of frauds. The statute of frauds explicitly defines a "loan agreement" to include promises, agreements, or commitments "'pursuant to which a financial institution loans *or delays repayments of* or agrees to loan or delay repayment of money, goods or another thing of value or to otherwise extend credit or *make a financial accommodation*.'" *Casey v. Fed. Home Loan Mortg. Ass'n*, No. H-11-3830, 2012 WL 1425138, at *6 (S.D. Tex. April 23, 2012) (quoting TEX. BUS. & COM. CODE § 26.02(a)(2) (emphasis in original)). The oral agreement at issue purports to postpone the foreclosure while a loan modification request is pending. Such an agreement "is not valid, under Texas law, if it is not in writing." *Id.* at 7;

*accord Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 928 (N.D. Tex. 2014). And it is not in writing here.

But Dylon has failed to bring a breach of contract claim even assuming that he had properly alleged that BOA breached either the written or oral contracts at issue. He has not pleaded facts establishing that he performed under the contract and, in particular, that he was not in default. And, under Texas law, plaintiffs can only bring a breach of contract claim if they performed under the contract or if their failure to perform has been excused. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016).

Dylon contends that he "performed, tendered performance, or was excused from performing his contractual obligations." Dkt. No. 1, Ex. A at 9. This is not sufficient to plead the performance element. *See Villarreal*, 814 F.3d at 767; *Cabrera ex rel. Lucinda Trust v. LoanCare*, No. 3:12-cv-2054-M, 2013 WL 664687, at *5 (N.D. Tex. Jan. 22, 2013), *rec. adopted*, 2013 WL 673898 (N.D. Tex. Feb. 25, 2013). A formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, does not suffice. *See Iqbal*, 556 U.S. at 678 (quoting *Twombley*, 550 U.S. at 555).

Dylon has failed to state a claim for breach of contract, but his claim should not be dismissed with prejudice.

BOA appears to argue that this claim should be dismissed with prejudice because Dylon "cannot plead" that he has performed under the Deed of Trust or Note – that is, that he is not in default. This appears to be based on an unsubstantiated

assertion in BOA's Motion to Dismiss Plaintiff's Complaint that "Plaintiff has not made a single payment toward his mortgage loan since 2015." Dkt. No. 10 at 5. But, as BOA has observed, "[w]hile the Court may take as true the allegations in the complaint, it cannot assume facts not alleged" in the complaint. Dkt. No. 22 at 6 (citing *Robertson*, 70 F.3d at 23). And there is no indication in Dylon's State Court Petition that he cannot allege that he has performed under the Note or Deed of Trust.

Even assuming that Dylon has breached or failed to perform under the Note or Deed of Trust, Dylon could potentially plead facts establishing that his breach or non-performance should be excused. It is premature to conclude that he cannot successfully plead his claims with the specificity required when he has yet to amend his complaint.

Dylon's claim for breach of contract should be dismissed – but, because it is not yet clear that he has pleaded his best case – without prejudice.

B.    The Court should dismiss Dylon's claim for common law fraud without <u>prejudice.</u>

Dylon's claim for common law fraud appears to be based on his contention that "Woods informed Plaintiff that [BOA] would take no action to foreclose on his Property while in loan modification status so long as [he] submitted his loan modification application ... as well as all requested documentation in a timely manner." Dkt. No. 1, Ex. A at 8. BOA contends that this claim fails because Plaintiff "does not satisfy the heightened pleading requirements applicable to fraud claims" and "does not meet the elements required to state a claim for common law fraud." Dkt. No. 10 at 10.

BOA specifically argues that this claim fails because "Plaintiff's allegations do not include any 'when, where, and how' information about the alleged misrepresentation," as Federal Rule of Civil Procedure 9(b) requires. *Id.* at 11. Rule 9(b) provides that, "[i]n alleging fraud..., a party must state with particularity the circumstances constituting fraud," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). "Rule 9(b) requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (citations and internal quotation marks omitted); *see also U.S. ex rel. Willard v. Humana Health Plan of Texas*, 336 F.3d 375, 384 (5th Cir. 2003) (explaining that "Rule 9(b) requires that the plaintiff allege the particulars of time, place, and contents of the false statements, as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, where, and how' of the alleged fraud") (internal quotation marks and citations omitted)).

The Fifth Circuit has explained that, "[a]lthough Rule 9(b) expressly allows scienter to be 'averred generally,' simple allegations that defendants possess fraudulent

intent will not satisfy Rule 9(b)" and that "[t]he plaintiffs must set forth *specific facts* supporting an inference of fraud." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (internal quotation marks and citations omitted; emphasis in original). "Facts that show a defendant's motive to commit the fraud may sometimes provide a factual background adequate for an inference of fraudulent intent." *Willard*, 363 F.3d at 385.

Further, "[i]f the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief. However, this luxury must not be mistaken for license to base claims of fraud on speculation or conclusory allegations." *Dorsey*, 540 F.3d at 339 (internal quotation marks and citations omitted). And, "even where allegations are based on information and belief, the complaint must set forth a factual basis for such belief." *Willard*, 336 F.3d at 385.

"A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim," and so the Court "must accept the complaint's well-pleaded factual allegations as true." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993).

Here, Dylon alleges that, "[d]uring the course of the loan modification process," "Woods informed Plaintiff that Bank of America would take no action to foreclose on his Property while in loan modification status so long as Plaintiff submitted his loan modification application ... as well as all requested documentation in a timely manner." Dkt. No. 1, Ex. A at 8. Dylon contends that this statement is fraudulent because,

despite Woods' assurances, BOA "sold his Property to [itself] on November [1], 2016." *Id.* at 9.

The undersigned agrees that Dylon has not pleaded his fraud claim with the specificity that Rule 9(b) requires but does not agree with all of the ways that BOA purports that Dylon has failed to satisfy this standard.

BOA contends, without explanation, that Dylon has not sufficiently alleged "how the misrepresentation occurred." *See* Dkt. No. 10 at 10-11. But Dylon's allegations are not complicated. He alleges that a BOA representative told him that BOA would not act to foreclose on the Property while he was in loan modification status and that this statement was false. By so doing, he sufficiently explains "how" the fraudulent activity occurred: Woods allegedly lied to him.

BOA also argues that Plaintiff "does not allege any facts relating to ... when the alleged misrepresentation was made." *Id.* at 10. But "Rule 9(b) does not require that a specific date and time always be alleged as to each misrepresentation." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 372 (5th Cir. 2004). The Fifth Circuit suggests that "outlin[ing] a four-month window during which all of the misrepresentations occurred may not satisfy Rule 9(b)." *Id.* (internal quotation marks omitted). But the Court of Appeals also suggests that a complaint that creates "the implication ... that [the misrepresentations] occurred ... between January 1 and January 27" might be sufficiently particular. *Id.*

Here, Dylon alleges that Woods made this statement during the course of the loan modification process, which started in September 2016 and ended on November 1, 2016. That is, Dylon's State Court Petition suggests that Woods made this statement sometime during this two month span. At least one court in this circuit suggests that this would be sufficient to satisfy Rule 9(b). *See Terra Nova Sciences, LLC v. JOA Oil and Gas Houston, LLC*, 738 F. Supp. 2d 689, 695 (S.D. Tex. Aug. 19, 2010) (finding that "it is clear the plaintiffs have met the particularity requirements of Rule 9(b)" where the complaint alleges that the misstatements occurred "in email and phone conversations during the months of April and May, 2007").

But the Court need not determine whether Dylon pleaded when this misrepresentation occurred with the specificity Rule 9(b) requires. Dylon's claim for common law fraud fails because he has not pleaded precisely where Woods made this purported misrepresentation – for instance, whether that was in a specific office, or made "in email and phone conversations." *Id.*

And Plaintiff's fraud claim would be subject to dismissal even if he had pleaded the circumstances relating to the misrepresentation with the specificity that Rule 9(b) requires. Plaintiff's allegations fail to state a claim upon which relief can be granted, which warrants dismissal when a Rule 12(b)(6) motion is filed.

BOA argues that Plaintiff failed to plead two elements of a claim for common law fraud – that he relied on the purported misrepresentation and that it caused him injury in some way. *See Shandong Yinguang Chemical Industries Joint Stock Co., Ltd.*

*v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 377 (Tex. 2001)) (listing the plaintiff's reliance on the misrepresentation and his or her injury by that misrepresentation among the elements for common law fraud).

BOA appears to believe that Plaintiff's failure to plead facts supporting these elements is a violation of Rule 9(b). *See* Dkt. No. 10 at 10-11 (characterizing Plaintiff's failure to plead facts supporting these elements as a failure to plead "how Plaintiff relied on the alleged misrepresentation" as part of its argument that "Plaintiff's allegations do not include any 'when, where, and how' information about the alleged misrepresentation" that Rule 9(b) requires).

It is not. BOA's arguments do not implicate Rule 9(b). As "Judge Posner [has] explained ... '[r]ule 9(b) does not require that the complaint explain the plaintiff's theory of the case.'" *In re Compaq Securities Litig.*, 848 F. Supp. 1307, 1310 (S.D. Tex. 1993) (quoting *Midwest Commerce Banking v. Elkhart City Entre*, 4 F.3d 521, 523 (7th Cir. 1993)). It "only [requires] that [the complaint] state the misrepresentation, omission, or other action or inaction that plaintiff claims was fraudulent." *Id.* (quoting *Midwest Commerce Banking*, 4 F.3d at 523). Accordingly, to satisfy Rule 9(b), Dylon was not required to "go further and allege the facts necessary to show that the alleged fraud was actionable," such as Plaintiff's "reliance on the defendant's misrepresentations or omissions, and the reasonableness of that reliance." *Midwest Commerce Banking*, 4 F.3d at 524.

But this does not mean that Dylon is excused from alleging facts that demonstrate that he can state an actionable claim – at least where, as here, Defendant has filed a Rule 12(b)(6) motion to dismiss. Dismissal is warranted if, as BOA contends, Dylon failed to plead factual content that allows the Court to draw the reasonable inference that BOA is liable for common law fraud, including the essential elements that Dylon relied on the purported misrepresentation in question and that it caused injury to him.

Dylon has sufficiently alleged that he relied on the alleged misrepresentation. Dylon alleges that Woods informed him that BOA would not foreclose on the Property while in loan modification status "so long as [he] submitted his loan modification application ... as well as all requested documentation in a timely manner." Dkt. No. 1, Ex. A at 8. He also alleges that he "did just that." *Id.* Construing these allegations in the light most favorable to Dylon as the non-moving party, Dylon essentially alleges that he timely submitted a loan modification application and any requested documents in reliance on Woods' statement.

But Dylon has not pleaded facts that would allow the Court to reasonably infer that the manner in which he relied on the promise injured him in some way. To do so, Dylon must have alleged that Woods' fraudulent statement to him either enabled BOA to foreclose on the Property or to cause some other injury to him.

But he does not. Instead, he summarily contends that "these representations ... caused Dylon's injury – the loss of his home." *Id.* at 10. This allegation is not sufficient. Dylon must allege more than labels and conclusions, and, while the Court must accept

all of Dylon's allegations as true, it is not bound to accept as true a legal conclusion couched as a factual allegation. *See Iqbal*, 556 U.S. at 678.

Dylon's claim for common law fraud should be dismissed – but, because it is not yet clear that he has pleaded his best case – without prejudice.

        C.      The Court should dismiss Dylon's claim for promissory estoppel without <u>prejudice.</u>

Dylon alleges that he has a claim for promissory estoppel against BOA. Promissory estoppel is an equitable doctrine that ordinarily is used as a defense in order to prevent a party from insisting on its strict legal rights when it would be unjust to allow it to enforce them. *See Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 F. App'x 394, 398 (5th Cir. 2013). Promissory estoppel can be a cause of action for a "promisee who has reasonably relied to his detriment on an otherwise unenforceable promise." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 761 (N.D. Tex. 2012). Under Texas law, a claim for promissory estoppel requires a plaintiff to establish "(1) a promise, (2) foreseeability of reliance by the promisor, and (3) substantial reliance by the promisee to its detriment." *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 538 (5th Cir. 2000).

Dylon's claim appears to be based on Woods' purported assurances to him that BOA would not foreclose on the Property while he was in loan modification status if he timely submitted a loan modification request and any other requested documents.

BOA argues that this claim is barred by the statute of frauds.

"'Promissory estoppel [has] been recognized as [an] equity-based exception [] to the traditional statute of frauds.'" *Casey*, 2012 WL 1425138, at *6 (quoting Bank *of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 553 (Tex. App. – Dallas 2009, pet. dism'd) (citing *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982); *Moore Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex. 1972)). "[T]he promissory estoppel exception applies to cases where the promise was to sign a written agreement which itself complies the statute of frauds." *EP Operating Co. v. MJC Energy Co.*, 883 S.W.2d 263, 268 (Tex. Civ. App. – Corpus Christi 1994) (citing *Nagle*, 633 S.W.2d at 800; *Moore Burger*, 492 S.W.2d at 940; *Coastal Corp. v. Atlantic Richfield Co.*, 852 S.W.2d 714, 718 (Tex. Civ. App. – Corpus Christi 1993, no writ); *Kenney v. Porter*, 604 S.W.2d 297, 303-04 (Tex. Civ. App. – Corpus Chritis 1980, writ ref'd n.r.e.)).

"Accordingly, promissory estoppel may apply when a party promises to sign an existing written contract that, but for lack of a signature, would satisfy the statute of frauds, or when a party promises to sign a proposed contract that has yet been reduced to writing but on which the parties have reached agreement concerning all material terms." *Id.* at 269-70 (citing *Coastal Corp.*, 852 S.W.2d at 718-19; *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 769 (5th Cir. 1988)).

The promissory estoppel exception to the statute of frauds does not apply here. Dylon does not allege facts suggesting either that Woods' promise that BOA would not foreclose the Property was either commemorated in a written contract that had yet to be signed or that such a written contract was even contemplated.

The statute of frauds consequently makes the promise at issue unenforceable. As explained in more detail above, the statute of frauds requires loan agreements exceeding $50,000 to be in writing and signed by the parties. TEX. BUS. & COM. CODE § 26.02. It also applies to agreements that seek to modify such written agreements. *O'Reilly*, 2012 WL 12893103, at *2 (citing *Ellis*, 2012 WL 2958266, at *3). This would include a promise to stay foreclosure proceedings while a loan modification is pending. *See Casey*, 2012 WL 1425138, at *6-*7 (explaining that these kinds of agreements are subject to the statute of frauds).

Dylon's claim would fail even if it was not unenforceable under the statute of frauds. Dylon fails to plead facts that suggest that he substantially relied on Wood's promise to his detriment. The State Court Petition allows the Court to reasonably infer that Dylon relied on the promise by preparing a loan modification application and timely submitted any requested documents. It does not follow that his reliance on this promise caused BOA to foreclose on the Property or that he necessarily suffered any injury.

Dylon's claim for promissory should be dismissed – but, because it is not yet clear that he has pleaded his best case – without prejudice.

III. Plaintiff's application for temporary restraining order should be denied without prejudice.

Finally, Dylon requests a temporary restraining order "to restrain Defendant from selling the real property which is the subject matter of this lawsuit ... as well as taking any legal action to evict Plaintiff and all other occupants from the

aforementioned property or enforcing a writ of possession regarding the aforementioned property." Dkt. No. 1, Ex. A at 12. He alleges that "[u]nless Defendant is enjoined, [he] will suffer probable harm which is imminent and irreparable." *Id.* at 11. "Under Texas law, a request for injunctive relief is not itself a cause of action." *See Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (citation omitted). Rather, an injunction depends on an underlying cause of action. *See id.*

Because the Court should dismiss the underlying causes of action without prejudice, the Court should also deny Plaintiff's application for injunctive relief without prejudice.

## Recommendation

The Court should conclude that it has subject matter jurisdiction over this action and should grant Defendant Bank of America N.A.'s Motion to Dismiss [Dkt. No. 10] to the extent and for the reasons explained above. In particular, the Court should dismiss Plaintiff's claims for breach of contract, common law fraud, and promissory estoppel without prejudice and should deny Plaintiff's application for injunctive relief without prejudice. The Court should grant Dylon 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint consistent with this recommendation and the conclusions and findings above and should order that, if Dylon fails to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served a copy. *See* 28 U.S. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: April 28, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE